# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (At Washington)

| | |
|---|---|
| Harrison M. C. Cherdak and<br>   Erik B. Cherdak<br>149 Thurgood Street<br>Gaithersburg, Maryland 20878, | |
| *Plaintiffs,* | Case No. _____ |
| *v.* | Plaintiffs Respectfully Request<br>a Bench Trial<br>in accordance with Track 1 Fast Processing<br>as this Case Involves Discrete Legal Issues<br>Not Requiting Extensive Discovery and<br>Contemplates Issues of National Import |
| American Arbitration Association, Inc.<br>120 Broadway, Floor 21<br>New York, NY 10271<br><br>Serve On:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | |
| *Defendant.* | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs hereby submit this Complaint against the American Arbitration Association (the "AAA") and assert the following:

### PARTIES

1. Plaintiff Harrison M. C. Cherdak ("Harry") is 18 years of age and is a citizen and permanent resident of the State of Maryland, USA residing at the address specified in the caption of this Complaint.  Harry is currently living away from home while attending the University of South Carolina as a freshman in a pre-med and public health program and temporarily resides throughout the academic year in Columbia, South Carolina while attending to his studies.

2. Plaintiff Erik B. Cherdak ("Erik") is Harry's father and is a permanent resident and citizen of the

State of Maryland, USA residing at the address specified in the caption of this Complaint.

3.  Defendant the American Arbitration Association, Inc. (the "AAA") is a corporation formed under the laws of the State of New York, USA and has a principle place of business as specified in the caption of this Complaint.

## JURISDICTION AND VENUE

4.  For the time being, this action is one in which Plaintiffs are seeking declaratory relief under the laws of the United States including under the U.S. Declaratory Judgment Act at 28 USC § 2201(a) as the counts herein concern the U.S. Federal Arbitration Act at 9 USC § 1, *et seq.*, and federal questions related thereto. *See* 28 USC § 1331. A U.S. Constitution Article III case and controversy exists between the parties that needs immediate declaratory relief as the rights, duties and obligations of the parties must be established as the Plaintiffs face irreparable harm and, in particular, the threat of being forced into arbitration before the AAA under arbitration clauses that clearly violate the Plaintiffs' due process rights recognized and established by the AAA.

5.  Personal jurisdiction is proper over the AAA as the AAA regularly and purposefully avails itself of the jurisdiction and benefits of the District of Columbia by consistently and regularly seeking and doing business with citizens of the District of Columbia and, in particular, to administer arbitration proceedings in lieu of litigation under the FAA.

6.  Venue is proper under 28 USC § 1391, generally, in this Court as the AAA maintains one of its major and most-important regional offices in the District of Columbia located at 1120 Connecticut Avenue NW, Suite 490, Washington, DC 20036—a place where the AAA regularly administers process for a fee to settle the disputes of parties that come before the AAA.

## FACTS

7.  This case relates to the AAA's failure to act in accordance with its own established duties to evaluate two individual arbitration clauses presented for such evaluation by a business (ACT,

INC.—the college entrance examination company that registers approximately 2,000,000 minors to take the ACT Exam each year) for compliance with the AAA's Consumer Arbitration Rules (Exhibit 1) and the AAA's Due Process Protocol (Exhibit 2)—together, the "AAA Due Process Requirements" or the "AAA-DPRs." The AAA indicated that it may proceed to administer an arbitration proceeding involving the Plaintiffs that would violate Plaintiffs' due process rights under the AAA-DPRs and that would cost the Plaintiffs significant money, time and resources and other non-monetary injuries which will be avoided by proper adjudication in this action. If Plaintiffs were to be forced into arbitration before the AAA, the AAA would later take on a position that any decisions by the AAA are immune from any scrutiny under wrong applications of alleged "arbitral immunity." The AAA is a direct beneficiary of fees that it will demand to by paid by Plaintiffs to the AAA for administering an arbitration proceeding known to be wrongful by the AAA and for which the AAA has indicated that it will decline to arbitrate when, like in the instant case, there are due process violations that would befall on consumers. Despite numerous requests for clarification of the Plaintiffs' and the AAA's rights and the parties' respective obligations relative to the AAA administering any consumer arbitration proceeding involving the Plaintiffs, the AAA has refused to provide such clarification. In the AAA, consumer arbitrations may only be administered when a valid contractual arbitration clause of a consumer contract calling for such consumer arbitration COMPLIES with the AAA-DPRs as determined by the AAA. *See* Exhibit 1 at Rule 1(d) (the AAA-DPRs). According to the AAA, failure of an arbitration clause in an alleged consumer contract to COMPLY with the AAA-DPRs will result in the AAA declining to administer any consumer arbitration proceeding. *See e.g.,* Exhibit 3 (JTC Education, Inc. d/b/a Medtech College); *see* Exhibits 1 and 2 at AAA-DPRs at Rule 1(d).

8. The AAA's duty to determine COMPLIANCE of a consumer arbitration clause is of no moment to an evaluation as to whether that consumer arbitration clause is legally enforceable. The former,

determination of clause COMPLIANCE with the AAA-DPRs, is an AAA determination that is one solely the duty of the AAA and has nothing to do with clause enforceability.  Clause COMPLIANCE is a private determination promised by the AAA to be carried out by the AAA outside the administration of any particular AAA arbitration proceeding.  Clause enforceability is a determination carried out by a court such in the context of determining to compel arbitration.

9.  A genuine dispute has arisen between the parties as the AAA has refused to adhere to its published duties to determine and announce to Plaintiffs and to the public at large whether certain clauses alleged to bind the Plaintiffs meet and satisfy the AAA-DPRs.  The AAA has failed to determine if the clauses in Exhibit 7 individually COMPLY with the AAA-DPRs.  The AAA has failed to render and announce its determination relative to whether the CLAUSES that are listed Exhibit 7 are COMPLIANT with the AAA-DPRs.  Without the AAA announcing its determination, for example, in accordance with AAA-DPRs Rule 1(d),  Plaintiffs potentially face arbitration before the AAA and before an arbitrator being appointed without any screening being carried out by the AAA as it promises to do in relation to millions of consumer transactions each year.  *See* Exhibit 4 (the AAA advertising and representing to consumers like the Plaintiffs that "the AAA provides for fair administration of consumer disputes—**and will exercise its authority to decline administration of arbitration demands where an arbitration clause contains material violations of the <u>AAA Consumer Due Process Protocol</u>…"**)(emphasis supplied).

10.  The actual clauses in-suit are reprinted herein in Exhibit 7.  The AAA assumes duties of care owed to consumers including Plaintiffs upon charging patron business to register their clauses that the AAA allegedly evaluates for compliance with the AAA-DPRs relative to forced consumer arbitration clauses. The AAA charges consumers arbitration fees in all arbitrations administered by the AAA in relation to clauses the AAA registers on its Consumer Clause Registry.  The AAA's

Consumer Clause Registry is held-out by the AAA to be a consumer resource to allow consumers like the Plaintiffs to access the same online to allegedly educate consumers as to compliant clauses. In reality, the AAA Consumer Clause Registry dupes consumers into a false impression that the AAA has reviewed consumer (forced) arbitration clauses and has placed those clauses on the registry only upon allegedly determining that those clauses comply with the AAA-DPRs. The AAAA listed the clauses in Exhibit 7, all the while knowing that the same do not meet the AAA-DPRs. The AAA registration of the clauses listed in Exhibit 7, were knowingly defective and the AAA allowed wrongful registration on the AAA registry nonetheless. The AAA maintains a Consumer Arbitration Clause Registry online at:

https://apps.adr.org/ClauseRegistryUI/faces/org/adr/extapps/clauseregistry/view/pages/clauseRegistry.jsf;jsessionid=oYPcP7c2GWsCohPaTIbMLK9L1x4H1QoVQGjL5FaR-rZXQzelUVi6!-71194198?_ga=2.174222433.2141548673.1575652881-1752190571.1575378860

11. The AAA regularly and routinely advises (and advertises to) consumers as to the duties of care that the AAA has assumed on behalf of consumers including the Plaintiffs by stating the following in regard to the AAA Consumer Clause Registry and the AAA-DPRs:

> The AAA administers consumer disputes that meet the due process standards contained in the Consumer Due Process Protocol and the Consumer Arbitration Rules. The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the Consumer Due Process Protocol. Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

*See* Exhibit 1 at Rule 1(d) (at pg. 10). The AAA further states:

> The AAA provides for fair administration of consumer disputes—**and will exercise its authority to decline administration of arbitration demands where an arbitration clause contains material violations of the <u>AAA Consumer Due Process Protocol</u>**, developed in 1998 in cooperation with representatives from government agencies, consumer interest groups, education institutions, and businesses. The goal of the [Due Process] Protocol, in concert with the **<u>AAA Consumer Arbitration Rules</u>**, is to ensure evenhandedness in the administration of consumer-disputes resolution. These rules apply only to disputes regarding a product or service for personal or household use.

*See* Exhibit 4 available at https://www.adr.org/consumer.   As the facts in this case demonstrate, nothing could be further from the truth.  The AAA further states:

> The online Registry was created to provide access to information about the AAA's consumer arbitration services. ***The Registry lists businesses whose consumer arbitration clauses have been submitted for review by the AAA and determined to substantially and materially comply with the due process standards of the AAA Consumer Due Process Protocol.***  Parties can search businesses by name to determine if the AAA has reviewed their consumer arbitration clause and if the AAA will administer their case, as well as to view the approved arbitration clause.

*See* Exhibit 5 available at https://www.adr.org/consumer.  The AAA expressly states that it maintains the Consumer Clause Registry so that "[p]arties can search business by name to determine if the AAA has reviewed their consumer arbitration clause and if the AAA will administer their case, as well as to view the approved arbitration clause."   The AAA's representations are materially false, are written advertisements and are fraudulent. The AAA further states:

> The Registry was created to provide more access to information about the AAA's consumer arbitration services. The Registry contains a list of businesses that have submitted their consumer arbitration clauses with the AAA and where upon review the AAA has determined that the clause substantially and materially complies with the due process standards of the <u>Consumer Due Process Protocol</u>. By accessing the Registry, parties will be able to search businesses by name to determine if the AAA has reviewed their consumer arbitration clause and will administer their consumer arbitrations.

*See* Exhibit 6 available at:

> https://apps.adr.org/ClauseRegistryUI/faces/org/adr/extapps/clauseregistry/view/pages/clauseRegistry.jsf?_ga=2.109660230.2141548673.1575652881-1752190571.1575378860.

12. While the foregoing principles are noble in their expressions, they are misleading advertisements aimed at duping consumers into a false sense of security that the AAA is somehow looking out for and ensuring the due process rights of consumers who are often forced into arbitration of their disputes before the AAA under due-process-violative arbitration clauses that the AAA could never

have reasonably concluded that the same met the AAA-DPRs necessary—according to the AAA—to obtain registration on the AAA Consumer Clause Registry.  *See* Exhibit 5 (the AAA falsely advertising that "***The Registry lists businesses whose consumer arbitration clauses have been submitted for review by the AAA and determined to substantially and materially comply with the due process standards of the AAA Consumer Due Process Protocol.***").   As discussed herein, the AAA is a money-making entity that takes advantage of consumers by falsely advertising policing practices that often never occur, by maintaining a sham registry, and by and selling knowingly defective justice in the AAA turns a blind eye and allows arbitrations to be conducted unfairly, without respect for fundamental rules of due process as announced in the AAA-DPRs and by failing to hold businesses accountable. Millions of consumers each year fall prey to due-process-violative clauses that work to strip the rights of consumers as their legitimate disputes are run through a mill promising justice and fairness but which delivers corrupted process and objectively unfair results.

13. The AAA polices consumer arbitration clauses  for COMPLIANCE with the AAA-DPRs and sends notices of non-compliance to businesses that seek to register arbitration clauses on the AAA' Consumer Clause Registration that the do not COMPLY with the AAA-DPRs.  *See* Exhibit 13 (collection of cases and letters issued by the AAA to business maintaining clauses not complying with the AAA-DPRs and the AAA declining to administer consumer arbitration proceedings unless those business agree to bring their defective clauses (clauses materially and substantially violating the AAA-DPRs) into compliance with the AAA-DPRs.  According to the AAA, it will absolutely decline to administer any arbitration proceeding under a subject clause where the AAA finds that that arbitration clause fails to materially and substantially complies with the AAA-DPRs. *See* Exhibit 4, *supra* ("The AAA provides for fair administration of consumer disputes—**and will exercise its authority to decline administration of arbitration demands where an**

**arbitration clause contains material violations of the <u>AAA Consumer Due Process</u>**

**<u>Protocol</u>**.").

14. In policing arbitration clauses for COMPLIANCE with the AAA-DPRs and ultimately for the benefit of consumers through the AAA's establishment and maintenance of the AAA Consumer Clause Registry, the AAA has expressly stated to numerous business over many years that the AAA will decline to administer consumer arbitrations by stating: "Should you decline to execute this document [and bring your arbitration clause into compliance with the AAA-DPRs], the AAA will decline administration of cases filed pursuant to…[your non-compliant] consumer arbitration clause." *See* Exhibit 3 at JTC Education, Inc. d/b/a Medtech College at 2.

15. The AAA's determination of whether any consumer arbitration clause COMPLIES with the AAA-DPRs is a separate and distinct inquiry of whether that clause is legally enforceable as a matter of contract law.  This case is concerned only with the former inquiry—that is, whether the clauses in-suit COMPLY with the AAA-DPRs as contemplated by the AAA's recognized and expressed duties owed to consumers (including the Plaintiffs) to screen consumer arbitration clauses for COMPLIANCE with the AAA-DPRs and to decline to administer arbitration proceedings when a particular clause does not COMPLY with the AAA-DPRs.

16. The AAA registered two separate clauses on the AAA Consumer Registry despite notifying the sponsoring business (ACT, INC.) that its clauses contained material deviations (and therefore did not COMPLY) with the AAA-DPRs.  Those CLAUSES are listed in Exhibit 7 and are referred to herein as CLAUSE-1 (the ISR Score Review Arbitration Provision) and CLAUSE-2 (the General Dispute Arbitration Provision), respectively.

17. CLAUSE-1 and CLAUSE-2 are collectively referred to herein as the CLAUSES.  The CLAUSES do not COMPLY with the AAA-DPRs for at least the following reasons:

   a.  CLAUSE 1 fails to permit a full palate of remedies on unrestricted claims that would

otherwise be available from a court at law or in equity, to permit and empower an arbitrator from granting such remedies, to permit a court opt-out right if arbitration were to be commenced by the business advocating for enforcement of CLAUSE 1; and

b. CLAUSE 2 fails to permit a full array of remedies on unrestricted claims that would otherwise be available from a court at law or in equity, to permit and empower an arbitrator from granting such remedies, to permit a court opt-out right if arbitration were to be commenced by the business advocating for enforcement of CLAUSE 2.

18. Despite creating a façade that the AAA will only administer arbitrations under arbitration clauses that COMPLY with the AAA-DPRs, the AAA has been running a sham operation in which it has knowingly acted to assist the business relying on the CLAUSES listed ¶ 14, *supra*.  In Exhibit 8, the AAA appointed an arbitrator who knowingly violated a student's due process rights under the AAA-DPRs.  In that arbitration proceeding wrongly administered by the AAA, the AAA knowingly permitted its agent-arbitrator, Ms. Erika L. Butler, to ignore key aspects of due process to render a woefully deficient arbitral award that was only possibly by stripping the student of his due process rights guaranteed to him under the AAA-DPRs.  The AAA failed to administer and oversee the arbitration proceedings presided over by arbitrator, Ms. Erika L. Butler, who, on behalf of the AAA completely ignored the student's due process rights guaranteed under the AAA-DPRs.  *See* Exhibit 9 at 2 (AAA Due Process Fact Sheet)("Arbitrators should be empowered to grant whatever relief would be available in court.").  In the arbitral award in Exhibit 8, Arbitrator Butler ruled against the student, ignored his claims for remedies at law or in equity that would have otherwise been available in a court, and totally in favor of the ACT, INC. by ignoring the AAA-DPRs.  Arbitrator Butler spent more time discussing fees due to the AAA and herself personally, than in providing a reasoned opinion for which there is none.  Arbitrator Butler completely shirked her responsibilities and gifted an arbitral award to ACT, INC. on the basis of

knowingly stripping the student of his due process rights and having the AAA refuse to ensure that the student's due process rights under the AAA-DPRs were protected, preserved and adhere to in compliance with the AAA' mandates.  Had the AAA properly applied its own rules and minimum due process requirements to the clauses addressed in the arbitral award in Exhibit 8 (which happen to correspond to the same clauses in-suit in this litigation), there never would have been an arbitration proceeding of any kind and the AAA would have been appointed as an integrally specified arbitration forum (based on the AAA's own rules).

19.   On good and reliable information, the AAA recently appointed Arbitrator Erika L. Butler to preside over one or more arbitrations in which she consistently ruled against the student and in favor of the ACT, INC. and did so to render arbitral awards that were only possible as a result of stripping a student (often a minor) of his or her due process rights.  The AAA has long known that Arbitrator Butler acted to ignore the AAA-DPRs to grant at least one other arbitral award favoring ACT, INC. over the student.  The AAA has been nothing less than complicit in allowing itself and its agents to ignore the AAA-DPRs to the significant detriment and harm of students.  In fact, the AAA, per Arbitrator Butler and on AAA letterhead, has stated "[t]he Arbitrator understands that XXXXXXXXX may have to face a series of consequences as a result of the cancellation decision." Exhibit 8.  The AAA is well-aware that the consequences of violating the due process rights of students in knowingly rendering corresponding arbitral awards like the one in Exhibit 8 can have the effect of destroying college acceptances, tuition grants, and scholarships, not to mention cause significant pain and suffering.  When the AAA appointed Arbitrator Butler in relation to the case contemplated by the arbitral award in Exhibit 8, the AAA had full knowledge that Arbitrator Butler would act to serve the interests of AAA's business customer (ACT, INC.) (a repeat-player in arbitrations before the AAA) to the significant detriment and harm to the student who was subjected to process violative of his or her due process rights.  The AAA never should

have commenced the arbitration contemplated by the arbitral award in Exhibit 8 and it knows that fact with absolute certainty.

20. The arbitral award in Exhibit 8 was made public (in redacted form) by ACT, INC. in an ongoing arbitration proceeding before the AAA. *Tellingly*, ACT, INC. redacted Arbitrator Erika L. Butler's name on page 1 and her signature on page 3 thereof in a clear effort to protect the arbitrator's name so that ACT, INC. can request and depend on Arbitrator Butler for self-serving arbitral awards in the future.  By no twisted or tortured reading of the arbitral award in Exhibit 8 can it be said that that award complies with any notion of due process and quasi-judicial completeness for soundness of judgment. The AAA should not be knowingly appointing arbitrators it knows who will be complicit with the AAA to violate the due process rights of innocent kids.  The AAA owes a duty to consumers to ensure that the AAA-DPRs are properly applied and adhered to in all consumer arbitrations.

21. CLAUSE 1 in Exhibit 7, does not COMPLY with the AAA-DPRs.

22. The AAA has wrongfully administered arbitration proceedings under CLAUSE 1 in Exhibit 7.

23. CLAUSE 2 in Exhibit 7, does not COMPLY with the AAA-DPRs.

24. The AAA has wrongfully administered arbitration proceedings under CLAUSE 2 in Exhibit 7.

25. Plaintiffs should not be compelled to arbitrate in a fundamentally unfair proceeding before the AAA and certainly not in one where Plaintiff's due process rights are stripped away from them with nothing less than reckless indifference by the AAA.  Declaratory relief is needed now as a declaration that the CLAUSES do not COMPLY with the AAA-DPRs will immediately require the AAA to decline to arbitrate any proceeding involving the Plaintiffs alleged to spawn from those CLAUSES.

26. On several occasions, the AAA notified the business (ACT, INC.) that the CLAUSES contained material deviations in contravention of the AAA-DPRs.  *See*, *for example*, Exhibit 10 (Email from

AAA Vice President, Neil Currie to the business responsible for seeking registration of the CLAUSES on the AAA's Consumer Clause Registry dated February 5, 2019). In Exhibit 10, AAA Vice President Currie stated:

> As to the interpretation of the remedies sections of the clauses, we ask that Mr. Rosner and ACT, Inc. communicate directly concerning the arbitrator's [lack of any ability] to grant whatever relief would be available in court under law or in equity…I have copied a representative from ACT, Inc., Rachel Marquardt, so you both can communicate with each other.

*Id*. Mr. Currie's email represents an express acknowledgment that the AAA views the CLAUSES as not containing *inter alia* remedies provisions to be in direct contravention of the AAA-DPRs and, in particular, in violation of the AAA-DPRs at Due Process Protocol Principle No. 14 which holds that "[t]he arbitrator should be empowered to grant whatever relief would be available in court under law or in equity." Exhibit 2 at Principle 14 (Arbitral Remedies); *c.f.* CLAUSE 1: "No damages may be awarded by the arbitrator…"; *c.f.,* CLAUSE 2: "In no even shall ACT be liable to an examinee for any special, indirect, consequential, exemplary, or punitive damages." Mr. Currie failed to address the central and material question in this case: Whether the CLAUSES in Exhibit 7 COMPLY with AAA-DPRs?

27. Plaintiffs have requested that the AAA provide a clear determination as to whether each of the CLAUSES, individually, complies with the AAA-DPRs. The AAA has refused to provide any such determination leaving the Plaintiffs in a state of ignorance as to whether the AAA would administer any arbitration proceeding involving the Plaintiffs under either of the CLAUSES.

28. On December 2, 2019, AAA's In-House Counsel, Ms. Tracey Frisch, wrote to Plaintiffs and again failed to address the central and material questions. *See* Exhibit 11. Ms. Frisch concreted a justiciable dispute as to the rights and liabilities of the parties and one in which Plaintiffs have no clarity as to whether the AAA will administer any arbitration proceeding under each of the CLAUSES after first rendering a determination that those CLAUSES actually COMPLY with

the AAA-DPRs.  Ms. Frisch wrote to Plaintiffs: "It has long been the general policy of the AAA not to participate in litigation related to an arbitration that ***could potentially be administered by the AAA***." *Id.* Ms. Frisch's averment to the Plaintiffs demonstrates that the AAA believes that it could administer an arbitration proceeding under at least one of the CLAUSES notwithstanding the AAA's earlier recognition that the CLAUSES do not comply with the AAA-DPRs and thereby concretes the case or controversy between the parties that must be resolved in this litigation. *Id.* Ms. Frisch's stated position of the AAA leave the Plaintiffs without full and complete knowledge of their rights and obligations both prior to any asserted arbitration proceeding and in any such arbitration proceeding if the same were to be invoked thereby rendering the need for declaratory relief absolutely ripe.  Ms. Frisch's email is nothing less than a tacit admission that the AAA, alone, has never rendered a determination as to whether each of the clauses in-suit individually COMPLIES with the AAA's Due Process Protocol.

29. On December 6, 2019, Ms. Frisch wrote yet another email wherein the AAA again refuses to provide any guidance to Plaintiffs as to whether the AAA will evaluate the CLAUSES and make a determination as to the COMPLIANCE of those CLAUSES with the AAA-DPRs. *See* Exhibit 12.  Instead, Ms. Frisch wrote: "I am hopeful that with ACT, Inc.'s participation, that the AAA will be able to address the concerns both you and Mr. Clare share." *Id.*  Ms. Frisch clearly misses the point that ACT, INC's position on the legal enforceability of the CLAUSES is of ***no moment*** with the issue to be adjudicated in this case—*i.e.,* the sole issue of the COMPLIANCE of the CLAUSES with the AAA-DPRs—the determination that is within the unilateral duties taken on by the AAA to inform consumers like the Plaintiffs through the AAA's Consumer Clause Registry. Moreover, no business entity including the ACT, INC. should be involved in the task solely the province of the AAA—the AAA's insistence that the ACT, INC. participate through provision of a self-serving statement on its own clause demonstrates an overt agreement between the AAA and

-13-
**COMPLAINT**

ACT, INC. that undermines the AAA's alleged impartiality.  It is solely the province of the AAA to make a determination as to whether any particular forced arbitration clause complies with the AAA's Due Process Protocol and the AAA's insistence that the ACT, INC. act before the AAA renders a determination as to clause COMPLIANCE demonstrates that the AAA has been fraudulently representing to the public that the clauses in-suit were knowingly not earlier reviewed despite the AAA's publication of the same on the AAA's Consumer Clause Registry.  The AAA is, indeed, acting in bad faith in attempting to have a business opine on its own CLAUSES relative to rights of the consumers that those CLAUSES affect.  At best a business like ACT, INC. can provide a biased, self-serving and conflicted opinion about its own CLAUSES to the detriment of the Plaintiffs and millions of other consumers affected by those CLAUSES each year.  It remains perplexing that the AAA refuses to do what it has promised millions of customers to do: to determine whether the CLAUSES COMPLY with the AAA-DPR independently of any commentary or self-serving justification offered by the business sponsoring the CLAUSES intended by the business urging registration of those CLAUSES on the AAA Consumer Clause Registry for which the AAA is paid annual registration fees.  Finally, the AAA's conduct to refuse to render an opinion upon due determination as to whether the each of the CLAUSES COMPLIES with the AAA-DPRs demonstrates inconsistent behavior from conduct demonstrated in numerous other contexts where the AAA has declined to administer arbitration proceedings under CLAUSES that the AAA determined *sua sponte* to be out of compliance with the AAA-DPRs.  *See* Exhibit 3.

30. Plaintiffs have had to endure significant costs and expenses responding to the ACT, INC.'s claim that Plaintiffs' are subject to arbitration under the CLAUSES despite the AAA admitting and stressing to ACT, INC. that the CLAUSES contain material and substantial deviations from the AAA-DPRs—thereby rendering those CLAUSES incapable of spawning any arbitrations before

the AAA.  *See also* Exhibit 13 (More AAA public letters declining to arbitrate under other consumer arbitration clauses for violations of the AAA-DPRs).  The letters in Exhibit 13 from the AAA and advising various business (in the education field) demonstrate the AAA's unequal applications of the AAA's own rules and procedures among businesses—some are singled out to comply with the AAA's Due Process Protocol and others clearly are not.  Had the AAA done what it promised to do and to adhere to its obligations and duties owed to consumers in relation to the clauses in Exhibit 7 including, but not limited to, the AAA's duties owed to the Plaintiffs, the AAA would have readily and immediately concluded that the CLAUSES were not COMPLIANT with the AAA-DPRs and that those CLAUSES could not be relied upon by anybody to seeking to commence any arbitration proceedings before the AAA and for which the AAA would administer those arbitration proceedings at significant costs to consumers in the process—costs to be paid directly by consumers to the AAA.  Moreover, had the AAA done its job, there would have been no claims that the Plaintiffs were bound to any arbitration under the clauses in Exhibit 7 and but for the AAA failing to do its job the Plaintiffs would not have incurred significant damages and harm and spent significant resources defending against a meritless assertion that Plaintiffs' claimed belonged in arbitration instead of opt-out litigation under the AAA's Due Process Protocol.  The damages suffered by Plaintiffs to date are consequential damages that are recoverable and may be subject to enhancement under various state consumer protection laws.  The AAA has turned a blind eye to stripping consumers of their due process rights allegedly protected and intact under the AAA-DPRs in ways to enrich the AAA through millions of dollars of arbitration related fees in arbitrations that the AAA has promised to decline under clauses that knowingly do not meet the AAA-DPRs.

31. Plaintiffs have been threatened with being compelled into arbitration under both of the CLAUSES.  Moreover, despite failing to announce whether the CLAUSES comply with the

AAA-DPRs, the AAA has maintained that the Plaintiffs, specifically, may be subject to arbitration under those clauses hence solidifying the case and controversy between the parties.  *See* Exhibits 11 and 12.

32. Stunningly, while the AAA has refused to render a determination of whether the CLAUSES comply with the AAA-DPRs, the AAA's agent arbitrators are starting to halt-arbitration proceedings on the basis that the AAA has not rendered its determination as it has promised and advertised to consumers.  In Exhibit 14, an arbitrator by the name of Richard Sheehy wrote in one arbitration proceeding now pending before the AAA that "[a]t this point, based solely on the language of Rule 1(d), it appears to me that the AAA would make that determination in the first instance…I also assume that the AAA will reach the same conclusion in these two cases on the general question whether ACT's arbitration provision meets the AAA's due process protocol and consumer rules given that the provision is the same in both cases."  Even the AAA's arbitrators are expressing their frustration that the AAA has failed to provide its threshold determination as to whether CLAUSE-1 meets the requirements of the AAA-DPRs.

33. In Exhibit 14, AAA Arbitrator Sheehy has requested the AAA to do the same thing that Plaintiffs have requested—to determine whether the same CLAUSES in-suit COMPLY with the AAA-DPRs.  Arbitrations should come to a grinding halt as the AAA's business partners like the ACT, INC. continue to drive students (often minors) into the abyss of forced unfair arbitration proceedings where the ACT, INC. asserts to bind parents of those students under those same clauses and to strip consumers of their due process rights in the process.  Enough is enough—the AAA needs to honor its commitments and duties owed to millions of consumers and decline to administer arbitrations that run afoul of the AAA's advertised AAA-DPRs.  Plaintiffs reserve the right to seek certification of and participate in a class action at a later time in this litigation should the need arise and as discovery may ensue in this case.

34. The importance and need for the relief sought herein cannot be over-emphasized.  The U.S. Congress is currently addressing House Bill No. 1423 which seeks to prohibit forced arbitration clauses like the CLAUSES in-suit.  Opponents of repealing certain provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ACT have bought into the AAA's false claims of being the gatekeeper of due process rights in forced consumer arbitrations by relying on the essential assertions of the Rule 1(d) of the AAA-DPRs.  In fact, in recently passing House Bill No. 1423. U.S. Representatives both for and against changes to the Federal Arbitration Statute at 9 U.S.C. § 1, *et seq.*, have been duped into the false representations of the AAA and have regurgitated the AAA's stated principles in AAA Consumer Rule 1(d), for example, in H.R. Report No. 1423 by stating "A business using the AAA as an arbitral forum for consumer disputes must provide a copy of its contract to the AAA so that the AAA may review it for compliance with its rules and so that the contract may be publicly posted [on the Consumer Clause Registry]…The AAA will not provide a forum for arbitration of disputes unless the business has first complied with this requirement and the AAA has determined that the contract complies with AAA rules."  The AAA has failed to do its job and Plaitniffs and millions of other consumers rights hang in the balance as arbitrations are threatened and/or are ongoing where deprivation of due process rights is the unfortunate norm.  *See e.g.*, Exhibit 8 (Arbitrator Butler completely ignoring the AAA's Due Process Protocol in rendering a decision against a student).  This Court's judgment in considering the case and controversy faced by the parties will also serve the public interest on a national scale by correcting the wrongful mindset of many on Capitol Hill who have wrongly and unjustifiably bought into the false advertising by the AAA.  The Court's judgment is necessary to the parties and the ramifications of this case and the Court's judgment also is necessary to send a proper message to the U.S. Congress on the import of due process in consumer arbitrations.  Necessary changes to the FAA could be swept under the rug if the U.S. Congress is not properly informed

through a proper declaration between the parties to this action.

## COUNT I

**Plaintiffs are entitled to a Declaration that the AAA may not initiate an arbitration proceeding under CLAUSE 1 and Demand Fees from the Plaintiffs.**

35. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint as if restated in this Count I.

36. Under the U.S. Declaratory Judgment Act at 28 USC § 2201(a), this Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

37. On November 18, 2019, Plaintiffs attempted to obtain clarification as to whether the AAA would administer a consumer arbitration as between Plaintiffs and ACT, INC. under the consumer arbitration clauses presented in Exhibit 7. The AAA provided no such clarification as to each individual arbitration clause as set forth in Exhibit 7, and, more particularly, with regard to ACT's CLAUSE 1 under which the AAA expects to get paid from Plaintiffs for administering an arbitration proceeding thereunder. The AAA has refused to provide any such clarification to date.

38. Plaintiffs are seeking a judicial declaration that the AAA may administer any arbitration proceeding in relation to the ISR Arbitration Clause set forth in Exhibit 7. The Plaintiffs seek a judicial declaration that CLAUSE 1 set forth in Exhibit 7, does not COMPLY with the AAA Consumer Arbitration Rules or the AAA Consumer Due Process Protocol as set forth in Exhibits 1 and 2.

39. As the COMPLIANCE of CLAUSE 1 with AAA-DPRs relates only to whether the AAA will administer an arbitration proceeding, all interested parties are present in this action.

## COUNT II

**Plaintiffs are entitled to a Declaration that the AAA may not initiate an arbitration proceeding under CLAUSE 2 and Demand Fees from the Plaintiffs.**

40. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint as if restated in this Count I.

41. Under the U.S. Declaratory Judgment Act at 28 USC § 2201(a), this Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

42. On November 18, 2019, Plaintiffs attempted to obtain clarification as to whether the AAA would administer a consumer arbitration as between Plaintiffs and ACT, INC. under the consumer arbitration clauses presented in Exhibit 7.  The AAA provided no such clarification as to each individual arbitration clause as set forth in Exhibit 7, and, more particularly, with regard to CLAUSE 2 under which the AAA expects to get paid from the Plaintiffs for administering an arbitration proceeding thereunder.  The AAA has refused to provide any such clarification to date.

43. Plaintiffs are seeking a judicial declaration that the AAA may administer any arbitration proceeding in relation to the ISR Arbitration Clause set forth in Exhibit 7.  The Plaintiffs seek a judicial declaration that CLAUSE 2 set forth in Exhibit 7, does not COMPLY with the AAA Consumer Arbitration Rules or the AAA Consumer Due Process Protocol as set forth in Exhibits 1 and 2.

44. As the COMPLIANCE of CLAUSE 2 with AAA-DPRs relates only to whether the AAA will administer an arbitration proceeding, all interested parties are present in this action.

**COMPLAINT**

## PRAYER FOR RELIEF

Plaintiffs respectfully request:

(1)  Declarations pursuant to Counts I-II as set forth in this Complaint; and

(2)  All other relief deemed just and proper by the Court upon facts to be established at trial.

Although Plaintiffs do not seek monetary relief or damages at this time in connection with any Count to be adjudicated in this Complaint, Plaintiffs reserve the right to pursue such damages in connection with any counts and claims that may be made as the facts develop through discovery in this case.

## PLAINTIFF'S REQUEST FOR A SPEEDY TRIAL

Plaintiffs hereby request a bench-trial if that will speed this case to adjudication on the merits which deeply affect the rights and duties of the parties to this litigation and is important to millions of other consumers (particularly minors forced to accept adhesion contracts that strip kids of their due process rights in the context of college entrance exams) and the U.S. Congress which is considering amending the Federal Arbitration Act to forbid forced arbitration clauses of the kind like those in-suit.

*It is therefore,*

Respectfully submitted,


_____        _____

Erik B. Cherdak—DATE            Harrison M.C. Cherdak—DATE

149 Thurgood Street
Gaithersburg, Md. 201878
202.330.1994
ebcherdak@gmail.com,  brocca412@yahoo.com

**COMPLAINT**